**Atto GAMPU; Charlotte Irene Tuuk, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72110.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 23, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Atto Gampu, Aliso Viejo, CA, pro se.

Charlotte Irene Tuuk, Aliso Viejo, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

### MEMORANDUM ***

Atto Gampu and Charlotte Irene Tuuk, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision denying both their motion to reopen removal proceedings and their motion to reconsider. Where we have jurisdiction, it is pursuant to 8 U.S.C. § 1252a. We review the BIA's denial of motions to reopen and reconsider for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We dismiss in part and deny in part the petition for review.

■ To the extent the petitioners challenge the BIA's initial dismissal of their appeal, we lack jurisdiction as they failed to petition for review within thirty days of that decision. *See* 8 U.S.C. § 1252(b)(1).

■ The BIA did not abuse its discretion when it denied the petitioners' motion to reconsider because they failed to articulate either a legal or factual error in the BIA's dismissal of their appeal. *See* 8 C.F.R. § 1003.2(b)(1); *see also Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003).

■ The BIA's decision to deny the petitioners' motion to reopen to present new evidence in support of their applications for asylum, withholding of removal and cancellation of removal was not arbitrary, irrational or contrary to law. *See Singh*, 295 F.3d 1037, 1039 (9th Cir.2002). In support of their motion to reopen, the petitioners submitted evidence emphasizing the current country conditions in Indonesia. However, the new evidence did not establish prima facie eligibility for either asylum or withholding of removal. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–90 (9th Cir.2003). Further, "adverse country conditions in the country of return are factors to consider [to determine eligibility for cancellation of removal], but generally will be insufficient in themselves to establish hardship." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 860 n. 26 (9th Cir.2003) (internal quotation marks omitted). Accordingly, the BIA acted within its broad discretion in concluding that the evidence was not enough to establish eligibility for the relief sought. *See Singh v. INS*, 295 F.3d at 1039.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.